## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **C.Y.-1**

**No. 24-86** (Cabell County 22-JA-63)

## MEMORANDUM DECISION

Petitioner Father C.Y.-2[1] appeals the Circuit Court of Cabell County's January 16, 2024, order terminating his parental rights to the child C.Y.-1, arguing that termination was erroneous.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In May 2022, the DHS filed a petition alleging that the petitioner abused drugs, failed to provide the child with adequate housing and medical care for an eye infection, and neglected the child's hygiene resulting in diaper rash.[3] In April 2022, the DHS implemented an in-home safety plan but was notified shortly thereafter that the petitioner and the mother were evicted from the homeless shelter where they lived due to methamphetamine use and the deplorable, unhygienic condition of their room.

In August 2022, the parties convened for a multidisciplinary treatment team meeting during which a family case plan was developed. Thereafter, the petitioner underwent a psychological evaluation during which he admitted to drug use and deplorable housing conditions but asserted

---

[1] The petitioner appears by counsel Juston H. Moore. The West Virginia Department of Human Services appears by Attorney General John B. McCuskey and Assistant Attorney General Kristen Ross. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Krista Karickhoff Conway appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because the petitioner and the child share the same initials, we refer to them as C.Y.-2 and C.Y.-1 respectively.

[3] The petition also included allegations as to a child who is not at issue here.

1

that he believed his actions did not constitute abuse or neglect. The psychologist pointed out the petitioner's lack of responsibility and insight, stating, "[w]ithout acceptance of responsibility, there is no reason to believe he is motivated to make the significant changes to his behavior in order to become a capable parent." The petitioner's prognosis for improved parenting was poor due to his "utter lack of acceptance of responsibility and insight," long-term substance abuse, and highly dysfunctional personality traits.

In October 2022, the circuit court held an adjudicatory hearing at which the petitioner stipulated to neglecting the children by abusing drugs and failing to provide adequate housing. The court granted the petitioner's written motion for a post-adjudicatory improvement period, which included, among other things, visits with the child, drug screens, drug treatment, parenting classes, and counseling. At a January 2023 review hearing, the court noted that the petitioner had not begun drug treatment or counseling and specifically ordered that he begin both. At another review hearing in April 2023, the court noted that the petitioner's improvement period was due to expire and granted him an extension thereof.

In July 2023, the court held a dispositional hearing at which a Child Protective Services ("CPS") worker testified that the petitioner was noncompliant with his improvement period. The worker testified that she visited the petitioner's home and observed multiple individuals living there, multiple pets, trash, feces, bugs, piles of collected metal, and a lack of running water. The worker further testified that the petitioner had not drug screened since February 2023, missed a total of twenty-five drug screens, did not complete parenting classes, missed multiple visits with the child, failed to obtain an identification card, and failed to obtain employment. At the conclusion of the hearing, the petitioner requested a post-dispositional improvement period, but the court determined that there was no likelihood that he would comply with another improvement period and terminated his parental rights.

In the resulting dispositional order, the court recounted the CPS worker's description of the deplorable condition of the petitioner's home. The court pointed out the petitioner's "lack of marked improvement" and found that the issues of inadequate housing and substance abuse had not been addressed. Based upon the evidence, the court concluded that the petitioner failed to comply with his case plan and failed to remediate the deplorable conditions of the home. Ultimately, finding that there was no reasonable likelihood that the conditions of neglect would be substantially corrected in the near future and the children's welfare necessitated termination, the court terminated the petitioner's parental rights rather than granting him an additional improvement period. It is from this order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred by terminating his parental rights because the evidence did not support

---

[4] The mother's parental rights to the child were also terminated, and the permanency plan is adoption in the current placement.

2

termination and a less restrictive dispositional alternative, specifically, a post-dispositional improvement period, was warranted. However, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). There is no reasonable likelihood that conditions of neglect or abuse can be substantially corrected when the parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened . . . the child." W. Va. Code § 49-4-604(d)(3). Here, the evidence showed that the petitioner never obtained drug treatment, missed twenty-five drug screens, sporadically participated in visits, did not complete parenting classes, and failed to remediate his housing situation. Based upon ample evidence, the court found that the petitioner did not comply with his case plan and that there was no reasonable likelihood that he could remedy the substance abuse and inadequate housing that prompted the filing of the petition. As such, we decline to disturb the circuit court's decision.

The petitioner also argues that a post-dispositional improvement period was warranted because he demonstrated that he was likely to participate in a further improvement period by testing negative for substances and obtaining housing. However, "[t]he circuit court has the discretion to refuse to grant an improvement period when no improvement is likely." *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). In order to obtain a post-dispositional improvement period after having previously received an improvement period, a parent is required to "demonstrate[ ] that since the initial improvement period, the [parent] has experienced a substantial change in circumstances" and "that due to that change in circumstances, the [parent] is likely to fully participate." W. Va. Code § 49-4-610(3)(D). The petitioner's argument that he tested negative for substances is disingenuous, as the petitioner simply stopped drug testing. Additionally, the petitioner obtained housing, but the testimony at the dispositional hearing indicated that the home was in deplorable condition. Moreover, the court specifically found that none of the issues had been addressed and the petitioner did not make progress throughout the case. As such, we find no error in the circuit court's refusal to grant the petitioner's request for a post-dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 16, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

3

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV